# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**KAVIN LEE PEEPLES,**

      **Plaintiff,**

v.

**JOSEPH R. BIDEN,**

      **Defendant.**

Case No. 1:22-cv-215
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Deavers

## OPINION AND ORDER

This cause is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 6), which recommends the Court dismiss without prejudice all claims in Plaintiff Kavin Peeples' Complaint (Doc. 5), and on Peeples' Objections (Doc. 8) to the R&R (Doc. 6). For the reasons discussed more fully below, the Court **OVERRULES** Peeples' Objections (Doc. 8) and **ADOPTS** in full the Magistrate Judge's R&R (Doc. 6). The Court accordingly **DISMISSES WITHOUT PREJUDICE** Peeples' Complaint (Doc. 5) in its entirety. The Court further **CERTIFIES** under 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith and therefore **DENIES** plaintiff leave to appeal in forma pauperis.

## BACKGROUND

**A.**    **Peeples' Complaint.**

Plaintiff Kavin Peeples, an inmate at the Southern Ohio Correctional Facility, filed this Complaint on May 13, 2022. (Doc. 5, #21). In the Complaint, Peeples alleges that the President of the United States, Joseph Biden, has violated federal law

(specifically, the Arms Export Control Act ("AECA"), 28 U.S.C. § 2778) through the "export of military weapons to Ukraine without the necessary accountability, oversight, and security arrangements[,]" which is "contrary to [the United States'] national security." (*Id.* at #21–22). Peeples also seems to suggest that the President's actions amount to a violation of the Fourteenth Amendment to the United States Constitution. (*See id.* at #22 ("The federal courts have jurisdiction to hear claims of violations of the U.S. Constitutional Amendment XIV, Section 1. De[p]rivation of life … without due process." (ellipses in original))).

Peeples alleges that President Biden's export of weapons to Ukraine "place[s] [Peeples'] life in Sufficiently Imminent Danger" because the weapons will "inevitably" fall into the hands of "radical groups seeking to destabilize [] Eastern Europe[an] nations, and incite a war between NATO/USA and Russia." (*Id.* at #21). This war, according to Peeples, will include "Russian nuclear retaliation" and, in particular, "a nuclear strike on the USA." (*Id.*). Based on this, Peeples asks the Court to enjoin any further exports of military weapons to Ukraine.

B.     **The May 13, 2022, Report And Recommendation.**

Pursuant to the screening obligations embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), Magistrate Judge Deavers filed an R&R on May 13, 2022, which recommends dismissing Peeples's Complaint without prejudice. (Doc. 6, #31). The R&R offers at least two bases for its recommendation: first, that the statute under which Peeples purports to sue does not provide a private cause of action, and second,

2

that Peeples lacks constitutional standing because he has failed to articulate a cognizable injury in fact. (*Id.* at #29–30).[1]

Peeples filed Objections to the R&R on May 19, 2022. (*See* Doc. 8). Peeples' Objections take aim at both of the bases for the R&R's recommendation. (*Id.* at #65). As to whether the AECA offers a private right of action, Peeples appears to argue that it does not matter, because his suit does not rest on President Biden's violation of the AECA, but rather on President Biden's violation of Peeples' constitutional right to due process. (*Id.* at #69 ("Mr. Biden is being sued for … ignoring federal laws which serve to protect [Peeples]. These laws constitute Due Process.")). As to the existence of an injury in fact, Peeples argues extensively that the threat to his life is not merely "hypothetical," but that it is actual and imminent. (*Id.* at #69–70). In support of this contention, Peeples offers: (1) unsourced statistics about the "American Public['s]" perception of the possibility of nuclear war; (2) the fact that "Biden administration officials" provided unsatisfactory answers to Senators' questions at "U.S. Senate Subcommittee hearings"; (3) the view of the "Bulletin of Atomic Scientist[s]" that "the threat of nuclear war [is] imminent"; and (4) the Department of Defense's statement that "it considers the threat of nuclear war to be real." (*Id.* at #70–71). Peeples then proceeds to analyze the geopolitical forces at play and explain why the export of

---

[1] Because constitutional standing is a jurisdictional prerequisite, the R&R's conclusion equates to a finding that the Court lacks subject matter jurisdiction. While the statutes authorizing sua sponte screening of in forma pauperis complaints do not explicitly refer to subject matter jurisdiction as a basis for dismissal, the weight of authority in this circuit at least tacitly concludes that the screening function includes the ability to screen for subject matter jurisdiction. *See Howard v. Good Samaritan Hosp.*, No. 1:21-CV-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (collecting cases).

3

military aid to Ukraine only "enhance[s]" the possibility of nuclear war. (*See id.* at #72–77).

The matter is now before the Court.

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). That said, objections must be specific; a general objection to the R&R is not sufficient and may result in waiver of review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

To qualify for review, an objection must "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And, notwithstanding specificity, a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

## LAW AND ANALYSIS

The R&R recommends dismissing Peeples' Complaint without prejudice for two independent reasons. Because the Court agrees that Peeples has failed to adequately allege his constitutional standing and because that failure is fatal to his suit, the Court limits its analysis to that issue.

The issue of Peeples' standing is critical because "[f]ederal courts do not possess a roving commission to publicly opine on every legal question." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021). Instead, Article III of the United States Constitution cabins the power of the federal judiciary by limiting its jurisdiction to only "Cases" and "Controversies." U.S. Const. Art. III, § 2, cl.1. To show the existence of a qualifying "Case" or "Controversy"—that is, to invoke Article III powers—a plaintiff must show that he or she has a "personal stake" in the case, or in other words, that he or she has "standing." *Raines v. Byrd*, 521 U.S. 811, 819 (1997).

In determining whether a plaintiff has carried the burden of establishing standing, the Court applies "well-worn yet enduring standards." *Thomas v. TOMS King (Ohio), LLC*, 997 F.3d 629, 634 (6th Cir. 2021). The "irreducible constitutional minimum" of standing requires a plaintiff to show the following three elements: (1) that he or she suffered an injury in fact, (2) that the injury is "fairly traceable" to the defendant's conduct, and (3) that the injury is likely redressable by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Of these three elements, injury in fact is the "first and foremost." *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 388 (6th Cir. 2016) (cleaned up). "To

5

establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339. Elaborating on those requirements, the Supreme Court has explained that a "concrete and particularized" harm is one that both actually exists—not just in the abstract—and "affect[s] the plaintiff in a personal and individual way." *Id.* at 339–340. An "actual or imminent" harm, meanwhile, must be "certainly impending" to constitute injury in fact; "'allegations of possible future injury' are not sufficient" to confer standing. *Galaria*, 663 F. App'x at 388 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)). At the same time, however, a plaintiff need not demonstrate a "literal[] certain[ty]" that harm will come about. *Id.* (citing *Clapper*, 568 U.S. at 414 n.5, in turn citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 153–54 (2010)).

Even accepting that a plaintiff need not show "literal certainty" that harm will come about, the allegations in Peeples' Complaint fall woefully short of demonstrating an injury in fact capable of supporting Article III standing. Rather, Peeples' allegations of injury amount to only an "attenuated chain of possibilities" and therefore "do[] not satisfy the requirement that threatened injury [] be certainly impending." *Clapper*, 568 U.S. at 410. Peeples alleges that supplying weapons to Ukraine's "all[-]volunteer" military will "inevitabl[y]" lead to those weapons falling into the hands of "radical groups seeking to destabilize [] Eastern Europe[an] nations," which will, in turn, incite a war between the NATO, the United States, and Russia, which will culminate in a nuclear strike on the United States, which will

6

harm Peeples. (Compl., Doc. 5, #21). This presumed chain of events is entirely speculative and thus fails to satisfy the injury in fact requirement.

Nothing in Peeples' Objections alters the Court's conclusion on this point. Peeples' Objections amount to an argument that various other entities believe the threat of nuclear war is "real" or "imminent." (*See* Objs., Doc. 8, #67–77). This information (unsourced as it is) would have been better included in the Complaint, rather than in Objections. And, even assuming that it is true that other entities believe that nuclear war is a realistic threat in the abstract, it does nothing to connect up (or render more likely) the attenuated chain of inferences that Peeples asks the Court to make.

To the extent Peeples argues that "discovery" will uncover "conditions of extreme threat of irreparable bodily injury[] and causation," that argument also fails. (*See id*. at #66). "Each element of standing 'must be supported … with the manner and degree of evidence required at the successive stages of the litigation.'" *Fair Elections Ohio v. Husted*, 770 F.3d 456, 459 (6th Cir. 2014) (quoting *Lujan*, 504 U.S. at 561). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly … allege facts demonstrating' each element." *Spokeo*, 578 U.S. at 338 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Peeples has not clearly alleged facts demonstrating his injury in fact, and thus his Complaint is subject to dismissal for lack of jurisdiction.

Another consideration leads the Court to this same conclusion. In particular, the *nature* of Peeples' alleged harm—as distinguished from its likelihood—provides

7

an independent bar to the Court hearing his case. Peeples' alleged harm appears to be that he, along with the rest of the United States, will perish in a nuclear war unless the Court enjoins the export of weapons to Ukraine. But in advancing that alleged injury, Peeples is asserting a "generalized grievance shared in substantially equal measure by all or a large class of citizens." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citing cases). In other words, his claimed harm (residing in a country that is on the receiving end of a nuclear attack), is a harm that would be felt in equal measure by all or a large fraction of his fellow citizens.

That presents a problem for him on standing grounds, as it has long been the rule that such "generalized grievances" do not provide an appropriate basis for invoking federal jurisdiction. *Id*. To be sure, exactly *where* that generalized-grievance limitation resides in the standing taxonomy may be a somewhat of an open question. *Warth*, for example, seems to locate it in the "prudential standing" doctrine, rather than in Article III standing itself. *Id.* at 500 (describing the prohibition on "generalized grievance[s]" as "closely related to Art. III," but "essentially matters of judicial self-governance"). And, if so, that could pose some obstacles to the application of that limitation here, as later cases have questioned the ongoing viability of the prudential standing doctrine. *See, e.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125–28 (2014) (rejecting argument that it should "decline to adjudicate [appellee's] claim on grounds that are 'prudential,' rather than constitutional" because that argument "is in some tension with … the principle that 'a federal court's obligation to hear and decide' cases within its jurisdiction 'is

8

virtually unflagging'") (citation and internal quotation marks omitted). That said, even after *Lexmark*, courts have continued to note that the generalized grievance limitation applies, perhaps as part of the "particularized injury" component of Article III standing itself. *See, e.g., Beiersdorfer v. LaRose*, No. 20-3557, 2021 WL 3702211, at *8 (6th Cir. Aug. 20, 2021) ("Without more, the plaintiffs have not shown a particularized interest against the Lucas County Board of Elections defendants 'that is distinguishable from the general interest' of every eligible voter in the county. Instead, the complaint against the Lucas County defendants amounts to a 'generalized grievance ... insufficient to confer standing.'" (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013))).

In short, whatever the analytical niceties, the rule itself appears clear: generalized grievances remain "insufficient to confer standing." *Id*. Here, though, such a generalized grievance is all that Peeples asserts. That is simply not enough to invoke this Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Peeples' Objections (Doc. 8) and **ADOPTS** in full the Magistrate Judge's R&R (Doc. 6). The Court accordingly **DISMISSES** Peeples' Complaint (Doc. 5) **WITHOUT PREJUDICE**. The Court further **CERTIFIES** under 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

September 12, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

10